We'll start right away, therefore, with McLean v. City of Mount Vernon, 183836. Good morning. Stephen Bergstein for the Plaintiff Appellant. The complaint plausibly asserts a false arrest claim under Rule 12, while three eyewitnesses claimed to identify the plaintiff as the— Was there a warrant in this case? Was there a warrant? No, I don't think there was a warrant. There were three eyewitnesses who claimed to identify the plaintiff, but the amended complaint plausibly alleges that each eyewitness was unreliable, and so the amended complaint does not establish as a matter of law that the police had probable cause to arrest the plaintiff. And I emphasize— One of the persons is an eyewitness to the shooting, right? Jasmine Smith. Right. And usually that gets a fair amount of weight, an eyewitness identified and all that. I understand the circumstances where she initially said she hadn't seen anything, then she makes the identification, she explains the failure by saying she was afraid. I also understand she has an outstanding warrant, but I didn't see any circumstances that suggest she was seeking to help herself. Why doesn't the case law saying an eyewitness' identification is strong, probable cause sufficient here? Because they didn't make the arrest right away. They waited four or five years, so the inference to be drawn is that the police knew that her chain story was a red flag, and for whatever reason, they didn't think they had enough based on what she was telling them until 2015. This was 2011 when she made the arrest. Then they got some corroboration, is that correct, from Mr. Wells? I wouldn't call it corroboration, but I understand the argument. Wells said things, too, that District Judge said corroborates Smith. I think at the Rule 12 stage of the case, we can't assume as a matter of law that Clifton Wells sufficiently corroborated Jasmine Smith's account, because Clifton Wells never identified Planoff as the shooter. That's number one. The best he could do was he had hearsay. People from the neighborhood told me that the plaintiff was sorry that he did it. We don't know who these people were. We don't know if the police knew who they were, if they were able to assess their reliability. So it's sort of comparable to a confidential informant case, where you rely on hearsay, but it needs to be reliable. This is a Rule 12 case. This is weak, and we're not suggesting that it could be probable cause by itself, but can it be given some consideration, at a minimum, that the other evidence that's being developed hardly contradicts the eyewitness ID? You know, I understand that the weight it will bear may not be strong, but it can be some consideration, some corroboration for the eyewitness ID, right? I think they would listen to him and take what he has to say into account, but what he has to say seems very flimsy at this stage of the case. I mean, again, you have the hearsay, and he just, he didn't know enough to corroborate Smith. It just sounded very conjectural and circumstantial. No, no, but he was also, in one sense, very careful, because he says, I didn't see him shoot me, although he could have, so that actually increases his credibility. And second, he says, and you're right, you know, we can describe it as hearsay, but this is not an evidentiary issue, it's whether this person has some credibility, he says, people have told me that he shot me, he refuses to look me in the eyes, and so on. And that may not be... But who are these people? See, again, this is not a summary judgment case where we can assess what the police knew. Who told Clifton Wells this? Maybe he made it up. Maybe people said this to Clifton Wells that no police officer would credit. So at this stage of the case, I don't think the complaint on its face establishes as a matter of law that this probable cause. And that's the crux of our argument. There is a third witness who I think we all agree is, I hope we all agree, is unreliable. Sir Burroughs? Burroughs, because he told the police, admittedly, what they wanted to hear. So I don't think he counts in this equation. But at this early stage of the case, can you say that the complaint as a matter of law establishes probable cause? I don't think so. So for these reasons, this court should remand and allow this case to proceed for discovery. Let me ask you this. I know it wasn't raised below, but in their brief, I understand the city to be contending that he was arrested pursuant to a warrant. That's not in the complaint. I'm not sure where that's coming from. It wasn't raised below, so no one had an opportunity to brief it below. My best answer to that inquiry would be if this court finds that there was error in finding probable cause, that issue could be taken up on remand. Would you agree that if there were a warrant, that would be not helpful to your false arrest? Depends on what the warrant is based on. Right. But that could be explored on remand. Thank you. You have reserved three minutes for a vote. Good morning, Your Honors. May it please the Court. My name is Stephen Bushnell. I'm an attorney for the appellees. I'd like to start off by just outlaying our first couple points and then address a few things that the appellant mentioned, if I can. It's our position that based on what few facts were actually alleged in the complaint, that there was more than sufficient evidence to warrant an officer believing that there was reasonably trustworthy information to obtain probable cause to believe that the plaintiff was, in fact, the shooter in this instance. And conversely, it's our position that the amended complaint, as it is read, doesn't contain any specific factual allegations to support a finding that the officers lacked probable cause or that any of the witnesses that they interviewed were unreliable. And it specifically doesn't... Lacks the cast doubt on the reliability of the witnesses. They have a whole range of them. The question is whether or not it's enough to preclude a finding of probable cause. But you can't say they don't point to any facts that cast doubt on reliability. Correct, Your Honor. And I would argue that... And it's aggravated by the fact that you waited so long to arrest. I mean, what's the explanation for that? You get a witness, an eyewitness, whom you're now saying gives you probable cause, but you don't act on it for more than five years? Certainly it's our position that Ms. Smith's identification would be sufficient to provide probable cause. This was a murder investigation in conjunction with a district attorney. And to address that point, there was a warrant, because there has to be a warrant. For a murder indictment to come down, it has to go through the grand jury. So they had to submit this case to the grand jury. And that process happens... That evidence, is that part of the record? It is, Your Honor. Sorry to interrupt. Judge Seibel noted that in her decision. I can find it here. Well, certainly the fact of the grand jury and the warrant, yes. She took judicial notice of the fact that a murder indictment can only come down pursuant to an indictment by a grand jury. Now, in terms of the timeline and the fact that they waited four years, as I said before, they were building a case. Now, the amended complaint doesn't specifically allege reliability based on that time. What is it in the record that shows or tells us why they were reluctant to arrest based purely on Ms. Smith's statement or identification? The record, that's not in the record, to my knowledge, Your Honor. That's not in the amended complaint. The reliability argument seems to be brought up here only on appeal. It doesn't change what is and, more importantly, is not alleged in the amended complaint. And what's not alleged in the amended complaint are specific facts that show that the officers had reason to believe that Jasmine Smith was lying or facts that they had reason to believe that Clifton Welles was lying. So we would argue that the facts as alleged support a finding of probable cause and that plaintiff has not alleged sufficient facts to show that the officers lacked probable cause. They make conclusory allegations and don't point to anything specific until now on appeal and then bring up the timeline argument and the reliability. But that doesn't change the fact that we have an eyewitness who places the shooter on the scene, identifies the shooter on the scene. We have the corroborating information from Mr. Welles. What would be the reasons in the context of a murder not to arrest immediately based on an eyewitness identification that you're now telling us was reliable? Just going from what was alleged in the complaint, it's our understanding that they were trying to build the best possible case that they could, the strongest possible case. They had one eyewitness who was there. There were also reports that the officers interviewed other people in the area. So it's my understanding that they were just trying to submit the best case they possibly could to the grand jury, which they eventually did. Anything else? No, I see my remaining time. This may be a non-issue, but you mentioned in your brief the existence of a warrant. What, if any, significance does that have? While we didn't specifically argue this on our motion to dismiss on the lower level, it would create a presumption of probable cause, because the warrant comes pursuant to the grand jury indictment, and that carries with it the weight of the finding of probable cause. So even if the court were to remand, I don't know how plaintiff gets around that. And he's arrested after the grand jury indictment? Correct. Well, he's already incarcerated for a separate crime at the time. I see. So he's arrested pursuant to the warrant. Grand jury indictment. And he had an additional detention as a result of that warrant. Okay, unless you have anything further. I see my remaining time. Thank you, Your Honor. I just want to reiterate the issue of conclusory allegations in the amended complaint. Based on what we allege in the amended complaint, we can reasonably infer, which is the standard under Rule 12, that there was something wrong with the eyewitness account from Jasmine Smith, that normally in a case like this, which is a horrible killing, by the way, this is a terrible story, what happened, you would rush to arrest anybody that you think did it. Oh, I agree. And to wait this long. That's part of what I think the questions to your adversary were meant to explore. But we do have all of this case law that says the identification is enough, unless on its face there's some real question about the veracity of the eyewitness. And here, what you're trying to argue is that just the span of time between her ID and the arrest is enough. On Rule 12, why wouldn't it be? On a summary judgment, it's a different story. You take that position, you find out what the police knew. There's things we don't know. But on Rule 12... So that's your fundamental argument. But there's case law that says the government is not required to act as soon as it has probable cause. And so to that extent, I'm not sure that I understood that to be the core of your argument. I thought it was that it was a witness who, on first examination, said she hadn't seen anything. Well, that, too. The first time they interviewed her, she said... Right. Now she's got an explanation, which is an explanation that one can understand, having just seen a horrific murder, that she was afraid. But now she comes forward and she makes the identification. I'm not sure why that's not enough as a matter of law. Because we don't know enough about what she said in claiming that she thought it was the plaintiff. The complaint doesn't detail what Jasmine Smith actually told the police. The complaint keeps it very brief. I think it's part of a one-sentence paragraph that she identified the plaintiff, but we don't know enough about how she identified him, if the police knew that her identification was legitimate or reliable or based in common sense. Isn't that your problem? It's not an... Go ahead. I'm sorry. It's not an opportunity to go fishing. I mean, you have to have a plausible ground to think that despite her explanation, the police had reason to think she wasn't reliable. Well, she had outstanding warrants, so you could... That doesn't necessarily preclude her from telling the truth. It may not, once you have a full record, but at this stage of the case, you can draw the inference that she changed her story because she had outstanding warrants. How? I mean, is there reason to think she got some benefit? Do you have any plausible reason to think that she benefited from cooperating? I think we can make the allegation that that's one of the reasons she changed her story, but... You have to have a good basis to think that. Well, but the sequence gives you the basis to make the argument and allows you to take discovery on that issue. But this is such an early stage of the case to draw the... as a matter of law, to say that her second interview in which she identifies the plaintiff for the first time is enough by itself to establish probable cause. That's the problem. Thank you. Thank you very much. We'll reserve the decision.